03/14/05  10:39 FAX 203 579 5704         Chambers-Judge Underhill         ☒002



**U.S. Department of Justice**

United States Attorney
District of Connecticut

Abraham A. Ribicoff Federal Building
450 Main Street, Room 328
Hartford, Connecticut 06103

(860) 947-1101
Fax (860) 240-3291

February 20, 2003

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Re: <u>United States v. Jose Anibal Mendez</u>
Criminal No. 3:02CR274(SRU)

Dear Mr. Smith:

This letter confirms the plea agreement entered into between your client, Jose Anibal Mendez (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

<u>The Plea and Offense</u>

Jose Anibal Mendez agrees to plead guilty to Count Two of the indictment charging him with Possession with Intent to Distribute and Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1). The Government agrees to dismiss Counts One, Three, and Four at the time of sentencing. Mr. Mendez understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

1. That on or about September 10, 2002, in the District of Connecticut, the defendant knowingly and intentionally possessed five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"); and

2. That he possessed the cocaine base intending to distribute it to another person.

EXHIBIT C

The Penalties

This offense carries a maximum penalty of 40 years imprisonment and a mandatory minimum term of five years imprisonment, as well as a $2 million fine. Any sentence of incarceration under this provision must also include a term of supervised release of at least four years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000; or (4) the amount specified in the section defining the offense, which is $2 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Forfeiture

The defendant further agrees to forfeit any interest in, claims against, and property and contractual rights of any kind to a tan, 1992 Acura Legend, bearing Connecticut registration 810-RGH, registered to Roberto Torres.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. §2465(b)(1).

Waiver of Right to Challenge Absence of Jury
Findings re Facts Used to Increase Sentence

The defendant understands that he may be able to argue under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), that he had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could apply any mandatory minimum sentence prescribed by statute or any sentence within a range permitted by a higher statutory maximum sentence resulting from a finding of such facts. The defendant knowingly

2

and voluntarily waives his right to have or have had such facts submitted for findings by a grand jury or trial jury.

Sentencing Guidelines

1. Stipulation

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

2. Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by the statute.

3. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

Waiver of Rights

1. Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

3

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Acknowledgment of Guilt: Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

4

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, as well as his current or future employer of the fact of his conviction.

Additionally, the defendant understands that the United States Immigration and Naturalization Service will undertake to reinstate deportation proceedings against him and he will likely be deported from the United States as an independent consequence of his apprehension. The parties additionally agree that any period of supervised release imposed in this case will include the special condition that if a final Removal Order for his deportation from the United States is obtained by the United States Immigration and Naturalization Service, that once deported, the defendant shall remain outside of the United States pursuant to the provisions of Title 18, United States Code, Section 3583(d) and that he not re-enter the United States without the express permission of the Attorney General of the United States for reapplication for entry into the United States.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the narcotics trafficking offenses, which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss Counts One, Three and Four of the indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

5

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LEONARD C. BOYLE
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

JOSE ANIBAL MENDEZ                    2/20/03
The Defendant                          Date

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

MATTHEW B. SMITH, ESQ.                 2/20/03
Attorney for the Defendant             Date

## STIPULATION OF OFFENSE CONDUCT

The defendant Jose Anibal Mendez and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count Two of the indictment:

- On or about September 10, 2002, he and Manuel Polanco knowingly and intentionally distributed approximately 38 grams of crack cocaine to another person.

The defendant further agrees and stipulates that on September 11, 2002, he and Manuel Polanco distributed approximately 60 grams of crack cocaine to another person.

The defendant further agrees and stipulates that on or about September 19, 2002, he and Manuel Polanco distributed approximately 200 grams of crack cocaine to another person.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____          _____
JOSE ANIBAL MENDEZ                 LEONARD C. BOYLE
The Defendant                      ASSISTANT UNITED STATES ATTORNEY

_____
MATTHEW B. SMITH, ESQ.
Attorney for the Defendant