IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOSE ANIBAL MENDEZ,                   :
        Petitioner,              :
                                            :
-vs-                                  :     Case No. 3: 02CR-274(SRU)
                                            :
UNITED STATES OF AMERICA,             :
        Respondent.              :

**MOTION FOR REDUCTION OF SENTENCE BASED
ON GUIDELINE AMENDMENT 706 OF U.S.S.G.
LOWERING THE BASE OFFENSE LEVEL
OF CRACK-COCAINE OFFENSES**

    **NOW COMES** the Defendant, Jose Anibal Mendez, moving, pro se and respectfully moves this Honorable Court, pursuant to 18 U.S.C.A. §3582(c)(2) and §1B1.10 of the Sentencing Guidelines, to reduce his sentence based upon the amendment of §2D1.1 of the Sentencing Guidelines which became effective November 1, 2007, concerning the base offense level of crack-cocaine offenses.

    In support therof, Defendant states as follows:

    1. On October 23, 2003, the Defendant was sentenced to a term of imprisonment of 87 months, by this Honorable Court on one count of Possession with Intent to Distribute and Distribution of Cocaine Base in violation of 21 U.S.C. §841(a)(1).

    2. Pursuant to the Plea Agreement entered into between the United States Attorney and the Defendant, the Presentence Report

as adopted by this Honorable Court in the Judgment entered in this action, the quantity of cocaine-base as charged in the indictment in Count 2, alleged to be involved in the conspiracy was 5 grams.

3. It is noteworthy that separate and apart from Defendant's written agreement to plead guilty to Count Two of the Indictment, the Defendant and counsel stipulated to the following relevant offense conduct:

> On or about September 10, 2002, he and Manuel Polanco knowingly and intentionally distributed approximately 38 grams of crack cocaine to another person.
>
> The defendant further agrees and stipulates that on September 11, 2002, he and Manuel Polanco distributed approximately 60 grams of crack cocain to another person.
>
> The defendant further agrees and stipulates that on or about September 19, 2002, he and Manuel Polanco distributed approximately 200 grams of crack cocaine to another person.

Plea Agreement at 7. See Plea Agreement annexed hereto as Exhibit "A".

4. Applying the applicable provisions of the guidelines as they existed on the date of the Defendant's sentencing; Defendant's base offense level as calculated by the Probation Department was thirty-four(34).

5. Effective November 1, 2007, the Commission amended the Drug Quantity Table in §2D1.1 so that crack quantites triggering the five and ten year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include(rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities

above, between, and below the mandatory minimum thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the amendment. See 72 Fed.Reg. 28, 558,28 571-73; U.S.S.G. App.C, Supp. Amend. 706; U.S.S.G. §2D1.1(2007).

6. As established under 1B1.10 of the Sentencing Guidelines this amendment is to be applied retroactively.

7. When the Defendant's base offense level is recalculated in accordance with the language of the amendment, the quantity of crack is assigned to base level 32, which corresponds to a minimum advisory guideline range (121 to 151 months) that includes the mandatory minimum.

8. Under the Drug Quantity Table, as outlined in §2D1.1 of the Sentencing Guidelines, the base offense level for the amount for which the Defendant was charged and for which he entered a plea of guilty is Level 34.

9. Therefore, the Defendant is entitled to be resentenced under the retroactively applied amendment.

10. At the original sentencing, the Defendant's offense level was reduced by two levels because the Defendant met the criteria set forth in subdivisions (1) - (5) of subsection (a) of §5C1.2 Limitation on Applicability of Statutory Minimum Sentences in Certain Cases. Furthermore, the Defendant's base offense level was reduced by three levels for acceptance of responsibility pursuant to §3E1.1(b)(1) and (b)(2) of the Sentencing Guidelines.

11. No other factors are present justifying any other change in the computation of the Defendant's offense level.

12. Defendant asserts that, at his original sentence, the Guideline §2D1.1(a)(3)(c)(3) which establishes a base offense level of 34 for Possession with Intent to Distribute 5 Grams or More of Cocaine Base. The offense involved a total of 307.9 grams of crack cocaine. This figure includes the 9.9 grams of crack cocaine sold by the defendant on September 5, 2002. See Defendant's Pre-Sentence Investigation Report.

13. Therefore, after the appropriate adjustments are calculated, taking in consideration adjustments due to §5C1.2 Limitation on Applicabilty of Statutory Minimum Sentences in Certain Cases and three level reduction for acceptance of responsibility pursuant to §3E1.1(b)(1) and (b)(2) of the Sentencing Guidelines, the Defendant's offense level for purposes of resentencing is Level 27.

14. The Defendant's criminal history computation remains a Category I as computed in the Presentence Report.

15. The appropriate guideline range for an Offense Level 27 with a Criminal History Category of I is 70 - 87 months.

16. At the Defendant's Sentencing on October 23, 2003, this Honorable Court imposed the low end of the guideline range as the Defendant's sentence.

17. Under the existing regulations of the Bureau of Prisons, the Defendant would be eligible to be released to the Bureau of Immigration and Customs Enforcement (BICE) for deportation

proceedings as early as this month, making a prompt decision on this motion is extremely important.

**WHEREFORE,** based on the foregoing arguments and authorities this Honorable Court is respectfully urged to reduce the Defendant's sentence and enter a new Judgment in a Criminal Case reflecting said change in the Defendant's sentence, and any other and further relief which this Honorable Court deems just and fair.

I declare under the penalty of perjury pursuant to 28 U.S.C.§1746 that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Febraury 25, 2008

Respectfully submitted,

*Jose Anibal Mendez*
Jose Anibal Mendez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOSE ANIBAL MENDEZ,

        Petitioner,

  -vs-

        Case No. 02CR-274(SRU)

**AFFIRMATION OF SERVICE**

UNITED STATES OF AMERICA,

        Respondent.

I, **Jose Anibal Mendez**, affirm under penalty of perjury pursuant to 28 U.S.C. §1746 and states:

That on February 25, 2008, I served by first class mail, certified return receipt, one original copy of **Motion For Reduction of Sentence Based on Guideline Amendment 706 of U.S.S.G., Lowering The Base Offense Level of Crack-Cocaine Offenses and attachments** upon the following:

Leonard C. Boyle, AUSA
U.S. Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT  06510

The envelope and its contents were given to prison officials for mailing.

Dated: February 25 2008

                                        Jose Anibal Mendez, <u>Pro Se</u>